# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO AYALA ALVARADO, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., <br><br> Defendant. | Case No. 19-cv-1600-GPC-KSC <br><br> **ORDER GRANTING MOTION TO SEAL ADMINISTRATIVE RECORD.** <br><br> **[ECF No. 13.]** |

On November 27, 2019, the above-captioned parties jointly motion to filed the certified administrative record (CAR) under seal. (ECF No. 13, 14.) The parties state the CAR "includes sensitive information and confidential personal information, including Plaintiff's and third parties' financial information, vital records, Social Security numbers, addresses, birth dates, photographs, and/or mental health records, which if made public could harm Plaintiff's interests." (ECF No. 13 at 1.)

There is a presumptive right of public access to court records based upon the common law and the First Amendment. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). A party seeking to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the

1

'compelling reasons' standard" if the request bears upon a dispositive motion, *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), or is sufficiently significant to merits of the case. *See In re Midland National Life Insurance Company Annuity Sales Practices Litigation*, 686 F.3d 1115 (9th Cir. 2012) (applying the compelling reasons standard to a non-dispositive motion that "pertain[ed] to central issues" bearing upon the case).

Under this standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *In re Qualcomm Litig.*, 17-CV-00108-GPC, 2019 WL 1598928, at *2 (S.D. Cal. Apr. 15, 2019) (quoting *Kamakana*, 447 F.3d at 1180). The court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (quotation omitted). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

Here, the Court applies the compelling reasons standard to this non-dispositive motion because the administrative record to be sealed forms the basis of the litigation. Thus, the CAR is "more than tangentially related to the underlying cause of action." *Ctrs. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

The Court finds that the CAR should be sealed. A review of the CAR validates the parties' concerns that the record "contains sensitive . . . information, and often in references too numerous to redact." *A.B. ex rel. W.F.B. v. San Francisco Unified Sch. Dist.*, No. C 07-4738-PJH, 2007 WL 2900527, at *1 (N.D. Cal. Oct. 2, 2007). Among the documents included in the 500 or so pages of the CAR there are ubiquitous references to Plaintiff's personally identifiable information. Many documents, moreover, are of a "private and sensitive" nature, including a psychologist's report and letters from family members describing the alleged abuse. *J.M. v. Oakland Unified Sch. Dist.*, No. 17-CV-04986-HSG, 2018 WL 6574190, at *8 (N.D. Cal. Dec. 13, 2018).

2

Consequently, the Court finds there are "compelling reasons" to seal the record which outweigh the public's interest in such information. The joint motion is thus **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 2, 2020

Hon. Gonzalo P. Curiel
United States District Judge